**Dated: July 17, 2026**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: )
)
Randall Derrick Franklin, ) Case No. 25-13847-JDL
) Ch. 7
Debtor. )

**ORDER AVOIDING JUDICIAL LIEN**

**I. Introduction**

Most requests to avoid judicial liens focus on whether those liens may be validly avoided under 11 U.S.C. § 522(f).[1] This matter presents the less common issue of *when* a judicial lien can be avoided. Debtor Randall Franklin ("Debtor") has moved to avoid the judicial lien of Karen Rattan ("Rattan"). Rattan appears to concede that the lien may be avoided but contends that the Court cannot release the lien unless and until the Debtor receives a discharge. The Local Rules of this Court support Rattan's position, but the question is whether the relied upon Local Rule is consistent with well-established law.

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

Before the Court for consideration are the *Debtor's Motion to Avoid Judicial Lien of Karen Rattan* [Doc. 74] and *Karen Rattan's Response to Motion to Avoid Judicial Lien* [Doc. 83]. Based upon the below Findings of Fact and Conclusions of Law, the Court finds that the Debtor's motion will be granted, and the lien will be avoided without regard to the Debtors' discharge.

## II. Jurisdiction

This is a matter to avoid a lien under the provisions of § 522(f). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A),(B) and (K).

## III. Facts

On June 11, 2024, Rattan obtained a default judgment against Debtor in the aggregate amount of $115,692.58 in the District Court of Oklahoma County, Oklahoma in the case styled, "*Karen Rattan, an Individual Plaintiff v. Randall Franklin, an Individual Defendant*," Case No. CJ-2024-1078. The judgment was predicated upon Rattan's claims of amounts due for breach of contract, trespass, fraud and other alleged acts of wrongdoing. Rattan perfected her judgment/judicial lien on any property owned by the Debtor in Canadian County, Oklahoma, by the recording of her Journal Entry of Default Judgment in the Office of the County Clerk of Canadian County on June 13, 2024, in Book M-113 at Pages 51-52.[2]

---

[2] This Court is entitled to take judicial notice of both its own docket sheets and other state or federal court docket sheets.  *United States v. Ahidley*, 486 F.3d 1184,1192, n. 5 (10th Cir. 2007)

On October 23, 2025, the Oklahoma Court of Civil Appeals reversed and remanded for further proceedings the District Court of Oklahoma County's judgment on the basis that the District Court had abused its discretion in denying the Debtor's motion to vacate the default judgment rendered against him.[3]

The Debtor has claimed his homestead is fully exempt in the bankruptcy, and no objection to that claim has been made. The homestead property is described as follows:

> Lot (1), Block 5 (5), in Patco Village Section III, an Addition to the City of Oklahoma City, Canadian County, Oklahoma, according to the recorded plat thereof, also known as 12301 SW. 13th St., Yukon, Oklahoma 73099.

## IV. Discussion

The Bankruptcy Code establishes grounds for avoiding certain judicial liens that impair an exemption to which a debtor is entitled. Specifically, § 522(f) provides as follows:

> "(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, *if such lien is –*
>
> (A) *a judicial lien*, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);
>
> ****

---

("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."). *Adams v. Watts,* No. CIV-09-1078-F., 2009 WL 5101759, n.4 (W.D. Okla. Dec. 17, 2009) ("Taking judicial notice of the public records of the District Court of Comanche County available on the Internet ..."); *Shoulders v. Dinwiddie,* No. CIV-06-890-C, 2006 WL 2792671, at *3 (W.D. Okla. Sept. 26, 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts).

[3] *Karen Rattan, an individual, Plaintiff/Appellee v. Randall Franklin, an individual, Defendant/Appellant,* Court of Civil Appeals of the State of Oklahoma, Case No. 122,528.

(Emphasis added.)

Thus, in order to avoid a lien under § 522(f) the debtor must show: (1) the lien is a judicial lien; (2) he has an interest in the property; (3) he is entitled to a homestead exemption in the property; and (4) the asserted lien impairs that exemption. *See In re Jordana*, 232 B.R. 469, 473 (10th Cir. BAP 1999); *Coats v. Ogg (In re Coats)*, 232 B.R. 209 (10th Cir. BAP 1999). The debtor has the burden of proof to establish that a lien should be avoided under § 522(f). *In re Thompson,* 263 B.R. 134, 138 (Bankr. W.D. Okla. 2001); *In re Martinez*, 469 B.R. 74, 82 (Bankr. D. N.M. 2012).

There is no dispute that the debtor has demonstrated that all the elements necessary for avoidance of the lien are present: (1) Rattan's judgment lien is a "judicial lien" as defined in Bankruptcy Code § 101(36) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding," (2) there is no dispute that the Yukon, Oklahoma property is exempt as the Debtor's residence and his homestead and (3) Rattan's lien would impair the homestead exemption. Rattan asserts, however, that Debtor "has not cited any authority for the proposition that a judgment lien can be avoided without a finding of discharge." [Doc. 83, pg. 2]. It is true that Debtor has not cited any such authority; however, notwithstanding Local Rule 4003-1(D)'s requirement of a discharge, there exists overwhelming case authority that a judgment lien can be avoided without a finding of discharge in a Chapter 7 proceeding. In short, Local Rule 4003-1(D) is not consistent with applicable case law.

The Court starts with the premise that there is nothing within the statutory framework of § 522 that explicitly requires a discharge be granted before a lien can be avoided. In

4

fact, avoidance of a lien and the granting of a discharge, at least in the context of a

Chapter 7, are two entirely separate matters. As stated in *In re Allen*, 217 B.R. 945, 949-50

(Bankr. M.D. Fla. 1998):

> The Court holds that a debtor's ability to utilize § 522(f) to avoid a judicial lien is not dependent upon the debtor receiving a discharge, and consequently, the denial of a debtor's discharge does not bar the debtor from avoiding a lien pursuant to § 522(f).

> ****

> The plain meaning of the language used in the lien avoidance statute supports the conclusion that a debtor may avoid a lien even after his discharge has been denied. The statute specifically lists the criteria for the avoidance of a lien: the fixing of the lien on an interest of the debtor in property, and the impairment of an exemption. 11 U.S.C. § 522(f)(1) (1997). The statute makes no mention of a requirement that the debtor receive a discharge in order to obtain avoidance of the lien.

Numerous courts, including those within the 10th circuit, have held that in a Chapter 7

judicial liens may be avoided even though the debtor may be denied a discharge under §

727 or the debt underlying the lien may be excepted from the debtor's discharge under §

523. As stated in *In re Mulholland,* 2012 WL 601784, at *2 (Bankr. D. N.M. 2012) (Judge

Jacobvitz):

> "[A]llowing a debtor to avoid a lien despite having been denied a discharge 'does not produce a result inconsistent with the policies underlying the Bankruptcy Code' because 'protection of the fresh start is not the exclusive goal of § 522(f)." *In re Allen,* 217 B.R. 945, 949 (Bankr. M.D. Fla. 1998). The additional goal of protecting a debtor's exemptions can be accomplished regardless of whether the debtor receives a discharge. *Id*. This Court agrees.

> A debtor's ability to avoid a judicial lien consistent with the requirements of 11 U.S.C. § 522(f) 'is not dependent upon the debtor receiving a discharge, and consequently, the denial of

> a debtor's discharge does not bar the debtor from avoiding a
> lien pursuant to § 522(f).' *Allen*, 217 B.R. at 949."

*See also In re Guzman*, 660 B.R. 149, 157 (Bankr. D. Colo. 2024) ("The Court declines to impose judicially crafted conditions to the avoidance of liens that are not contained in 11 U.S.C. § 522. The avoidance of the lien has an immediate effect and is not delayed until the completion of the chapter 13 plan and entry of discharge."); *In re Clark,* 217 B.R. 943, 944-45 (Bankr. M.D. Fla. 1998) ("[T]his Court has determined that the plain meaning of the language used in § 522(f)(1) supports the conclusion that a debtor may avoid a lien even if his discharge has been denied."); *In re Sirikanjanachai*, 628 B.R. 562, 570 (1st Cir. BAP 2021) ("Lien avoidance and dischargeability of debts are not dependent on each other."); *In re D'Amelio,* 142 B.R. 8, 9 (Bankr. D. Mass. 1992) (Even if the "Court determined that the debt was nondischargeable, a debtor may avoid a lien resulting from the underlying debt if it impairs an exemption."); *In re Ash,* 166 B.R. 202, 204-05 (Bankr. D.Conn. 1994) ("The court ... holds that the judicial lien may be avoided in its entirety as impairing the debtor's exemption under § 522(d)(1), notwithstanding that any debt resulting from this unliquidated claim may prove to be nondischargeable."); *In re Gartrell,* 119 B.R. 405, 406 (Bankr. W.D. N.Y. 1990) ("Congress has not declared the underlying nature of a debt to have any affect on the Debtor's right to invoke the lien avoidance provision of § 522(f)."); *Walters v. United States Nat'l Bank in Johnstown (In re Walters)*, 879 F.2d 95 (3rd Cir.1989) (affirming district court's order permitting a debtor to avoid a judicial lien for a debt which was nondischargeable for fraud under 11 U.S.C. 523(a)(2)(A)); *Ewiak v. Ebner, (In re Ewiak)*, 75 B.R. 211, 212 (Bankr. W.D. Pa. 1987) ("If property to be exempted is protected

from claims which are nondischargeable, then it follows that the nondischargeability of a claim does not bar the exemption. It also follows that a judicial lien based upon a nondischargeable claim is also avoidable...."); *Miller v. Hulvey (In re Hulvey),* 102 B.R. 703, 705 (Bankr. C.D. Ill. 1988) ("Nor do the provisions permitting lien avoidance restrict the debtor's right to debts which are dischargeable. Creditors holding nondischargeable debts are not accorded any priority under the distributive scheme of the Bankruptcy Code."); *In re Pipes,* 78 B.R. 981, 983 (Bankr. W.D. Mo. 1987) (concluding that the ability to avoid a lien is not dependent upon dischargeability); *In re Ferrante*, 2009 WL 2971306, at *4 (Bankr. D. N.J. 2009) (stating that "an order for § 522(f) lien avoidance may be effected immediately, and may not be conditioned upon the debtor's successful achievement of a discharge"); *Central Nat'l Bank and Trust Co. of Enid, Oklahoma v. Liming (In re Liming)*, 797 F.2d 895, 898 (10th Cir. 1986) (*dicta*) ("As the bankruptcy court correctly noted, a debtor may bring an action to avoid a lien under 11 U.S.C. § 522(f) even if the debt secured by that lien is declared nondischargeable.").

In the context of a Chapter 13 plan, there is a division of authority relative to whether the lien removal compelled by § 522(f) can occur before the debtor receives a discharge, e.g. upon completion of the plan payments. "A majority of courts... hold that lien avoidance under § 522(f) is not effective until the debtor completes his plan and receives a discharge and, thus, condition § 522(f) orders releasing liens on the issuance of a discharge." *In re Harris,* 482 B.R. 899, 902 (Bankr. N.D. Ill. 2012) (citing *In re Prince*, 236 B.R. 746, 750-51 (Bankr. N.D. Okla. 1999); *In re Stroud,* 219 B.R. 388, 390 (Bankr. M.D. N.C. 1997) ("Lien Avoidance must be conditioned upon Debtor's completion of the Chapter 13 Plan and

7

granting of the discharge in order to ensure the creditor's interests are protected."); *In re Peterson,* 561 B.R. 788, 792 (Bankr. D. Utah 2016).

A minority of courts in Chapter 13 cases find that § 522(f) lien avoidance "cannot be made subject to any subsequent event." *Mulder*, 2010 WL 4286174, at *1 (Bankr. E.D. N.Y. 2010) ("There is nothing in the Code that conditions the benefits afforded a Debtor under Section 522(f) upon the issuance of a discharge in the case."). These courts find that there is nothing in the Code that suggests that § 522(f) lien avoidance "is anything other than immediate." *Id.* at *4; *In re Ferrante*, 2009 WL 2971306 at *5 (Bankr. D. N.J. 2009) (declining to distinguish between a Chapter 7 or Chapter 13 case and holding "[a] judicial lien that impairs the debtor's exemption, and presumably impairs the debtor's immediate use of the exempt asset, may be avoided without regard to the issuance of a discharge.").

Courts finding that a discharge is not a prerequisite for the effectiveness of an order avoiding a lien note that creditors are afforded protection under § 349(b)(1)(B) which provides that if a case is dismissed an order avoiding a judicial lien is essentially vacated, because the dismissal reinstates "any transfer avoided under section 522....". The purpose of this provision "is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." *In re Phillips*, 553 B.R. 536, 545 (Bankr. E.D. N.C. 2016) (citing HR Rep No. 595, 95th Cong., 1st Sess. 338 (1977); S Rep No. 989, 95th Cong., 2d Sess. 48–49 (1978)); *Ferrante*, 2009 WL 2971306, at *4.

The salient case in Oklahoma bankruptcy courts on withholding the effectiveness of an order avoiding a lien until discharge is *In re Prince*, 236 B.R. 746 (Bankr. N.D. Okla.

8

1999). There, Judge Michael, in a Chapter 13 case, found that if a creditor objects, the effectiveness of a § 522(f) order avoiding lien should be delayed until the entry of an order of discharge. Judge Michael noted that most of the Chapter 13 cases involved "'lien stripping,' i.e., reducing the amount of an allowed secured claim to the value of the collateral" rather than avoidance of avoidance of a lien which impaired an exemption. *Id*., at 749. An exception was *In re Stroud,* 219 B.R. 388 (Bankr. M.D. N.C. 1997) which Judge Michael followed to find lien avoidance must be conditioned upon the Debtor's completion of the Chapter 13 plan and the granting of the discharge in order to ensure that creditors' interests were protected.[4] Judge Michael thus adopted the policy that an order avoiding a lien not be entered upon the real estate records relating to the homestead until an order of discharge had been entered in the case, and that the homestead not be transferred or

---

[4] Judge Michael acknowledged that while the only subsequent event statutorily limiting the effectiveness of an order vacating a judicial lien was dismissal of the case under § 349(b)(1)(B), he nevertheless found that equitable principles insuring creditor protection made successful completion of a chapter 13 plan and a subsequent discharge prerequisites for the effectiveness of the lien vacation:

> One could argue that § 349(b)(1)(B) is self-effectuating in nature, and that, as a result, the Court should avoid the lien immediately. If the case is later dismissed, the lien avoidance is automatically nullified. While such a proposition is theoretically correct and may well be what Congress intended when it enacted § 349(b)(1)(B), its practical application is problematic. Once a lien upon real estate has been avoided, and the order of avoidance made part of the appropriate real estate records, the reversal of the lien avoidance is akin to unringing a bell.

*Prince,* at 749.

As another court has stated, the equitable consideration requiring the completion of plan payments and discharge is that "debtors might not have sufficient incentive to complete plan payments after the liens are cancelled." *Lee Servicing Co. v. Wolf (In re Wolf),* 162 B.R. 98, 109 (Bankr. D. N.J. 1993).

9

encumbered prior to the entry of an order of discharge. *Id.*, at 750-51.

This Court's Local Rule 4003-1(D) entitled Motion to Avoid Lien is consistent with Judge Michael's approach and provides, in pertinent part:

> *** If an objection to claim of exemption is timely filed, entry of an order on any motion to avoid a lien on the property claimed to be exempt shall be delayed until after entry of an order resolving the objection to the exemption claimed. *Further, if a discharge has not been entered, the order shall provide that the lien shall be avoided upon entry of a discharge.*

(Emphasis added).

Local Rule 4003-1(D) does not distinguish between Chapter 7 and Chapter 13 cases, and this Court has applied the Local Rule to both chapters. There are, however, different policy considerations as noted above with avoiding a judgment lien in Chapter 7 as opposed to Chapter 13. Chapter 7 focuses on providing the immediate fresh start by discharging debts and avoiding liens on exempt property. In contrast, Chapter 13 emphasizes rehabilitation through a repayment plan and lien avoidances conditioned on the debtor fulfilling their plan obligations to ensure fairness to creditors. This ensures compliance with the good-faith and best interests of the creditors test. These policy considerations applicable to a Chapter 13 case are not before the Court. That is left for another day. What is before the Court is whether a Chapter 7 debtor is entitled to an immediate order for avoidance of a § 522(f) lien, subject only to vacation of the same upon dismissal of the case under § 349(b)(1)(B). Based upon the great weight of case authority and statutory interpretation, the Court finds that in a Chapter 7 case the answer is yes.

The Court is mindful that its decision today, restricted to Chapter 7, is inconsistent with Local Rule 4003-1(D). Federal courts, including bankruptcy courts, have the authority

10

to declare local rules invalid if those rules are contrary to the great weight of case authority, conflict with the Bankruptcy Code or Federal Rules of Bankruptcy Procedure or enlarge, abridge, or modify substantive rights. In adopting the Code, Congress delegated to the Supreme Court the power to make and enforce general bankruptcy rules. 28 U.S.C. § 2071. Pursuant to this authority, the Supreme Court promulgated Rule 9029, which authorizes district courts, or bankruptcy courts with authority from the district courts, to adopt their own local bankruptcy rules. *Pham v. Golden (In re Pham),* 536 B.R. 424, 432 (9th Cir. BAP 2015); *Steinacher v. Rojas (In re Steinacher)*, 283 B.R. 768, 772 (9th Cir. BAP 2002). Under Rule 9029, however, this power is strictly limited. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 784 (9th Cir.2007) (citing 10 *Collier On Bankruptcy* ¶ 9029.01[1](Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2006)). A local rule of bankruptcy procedure cannot be applied in a manner that conflicts with the federal rules; it must be consistent with the Code, the Rules and the Civil Rules. *Rivermeadows Associates Ltd. v. Falcey (In re Rivermeadows Associates Ltd.),* 205 B.R. 264, 269 (10th Cir. BAP 1997) (A local rule may dictate "practice or procedure but may not enlarge, abridge or modify any substantive right."); *Anwar v. Johnson*, 720 F.3d 1183, 1189 (9th Cir.2013) (same). Any local rule that is inconsistent with the Acts of Congress and the Rules must be held invalid. *Healthcentral.com,* 504 F.3d at 784; *Sunahara v. Burchard (In re Sunahara)* 326 B.R. 768, 782 (9th Cir. BAP 2005).

The Court finds that Local Rule 4003-1(D), applied in a Chapter 7 case, requiring a discharge as a condition for avoiding a lien impairing an exemption is an impermissible restriction on a debtor's statutory rights under the Code and thus invalid. Accordingly,

11

**IT IS THEREFORE ORDERED** in accordance with the Findings of Fact and Conclusions of Law stated above, *Debtor's Motion to Avoid Judicial Lien of Karen Rattan* [Doc. 74] is hereby **Granted**, and any lien held by Karen Rattan and imposed upon the Debtor's exempt homestead, described as follows:

> Lot (1), Block 5 (5), in Patco Village Section III, an Addition to the City of Oklahoma City, Canadian County, Oklahoma, according to the recorded plat thereof, also known as 12301 SW. 13th St., Yukon, Oklahoma 73099

is hereby **Avoided.**

# # #

12